WILLIAM P. MCHALE, as Executor and Trustee of JAMES B. LYNCH, Deceased, Appellant, v PAULINE M. LYNCH, Respondent.—In an action for (1) a declaratory judgment that certain real property once owned by plaintiff's decedent and defendant, as tenants by the entirety, was transformed into a tenancy in common as the result of defendant's procuring an ex parte divorce in Mexico and (2) partition of the property, plaintiff appeals, as limited by his brief, from so much of an order-judgment of the Supreme Court, Nassau County, entered August 5, 1974, as granted defendant's cross motion for summary judgment, dismissed the complaint and made various declarations, culminating in one that defendant is the sole owner of the property. Order-judgment reversed insofar as appealed from, with $20 costs and disbursements, and cross motion denied. This court has previously held that where a spouse goes to a foreign jurisdiction and obtains a divorce and remarries, he is estopped from denying that the divorce has the same effect as a domestic divorce, and that partition may then be had with respect to real property owned by the spouses as tenants by the entirety prior to the divorce *(Knight v Knight,* 31 AD2d 267, affd 25 NY2d 957). Defendant has not remarried, but claims instead that her marital relationship with plaintiff's decedent was resumed after the divorce and continued until his death. Her supporting papers include unsigned income tax returns for the years 1971 and 1972 and a certificate of social insurance award from the Social Security Administration, all listing plaintiff's decedent and defendant as spouses, but also decedent's death certificate, which listed him as divorced. In *Knight v Knight (supra,* p 270) we noted that the invalidity of an ex parte foreign decree "is strictly confined to the impotence of the decree to affect the marital status itself". As in *Knight,* in the case at bar by no means could the marital status be at stake, since defendant's husband is deceased. Therefore, even though defendant did not remarry, it must be determined whether her actions, after obtaining the ex parte foreign divorce, constituted a sufficient resumption of the marital relationship so as to

negate the effect of the divorce decree. It cannot be said that her moving papers established such a relationship as a matter of law. Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.